885 F.2d 866
 50 Fair Empl.Prac.Cas. 1288
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rajeet S. RATHORE, Plaintiff-Appellee,
v.
COMMONWEALTH OF VIRGINIA, DEPARTMENT Of TRANSPORTATION,
Defendant-Appellant,
and
David W. Berg, Defendant.
 No. 89-2306.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1989.
Decided Sept. 15, 1989.
 
 John Joseph Beall, Jr., Senior Assistant Attorney General (Mary Sue Terry, Attorney General, Walter A. McFarlane, Deputy Attorney General on brief) for appellant.
 Gerald Thomas Zerkin (Karen L. Ely-Pierce, Frank M. Feibelman, Gerald T. Zerkin & Associates, William G. Shields on brief) for appellee.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Commonwealth of Virginia Department of Transportation ("VDOT") appeals from the district court's finding that it discriminated against Ranjeet Rathore in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. Rathore, an Asian-Indian employed by VDOT as an Engineer Class B since 1973, applied for a promotion to Engineer Class C when VDOT advertised a vacancy in January of 1987. Rathore filed this Title VII disparate treatment action after VDOT hired Kathy Anderson to fill the Engineer Class C position. At trial, VDOT asserted that Rathore was denied the promotion solely because he was less qualified than Anderson. The district court found, however, that Rathore "was at least as qualified as Anderson, and probably more so." The district court concluded that VDOT's explanation was pure pretext and accordingly awarded Rathore back pay and ordered VDOT to promote him to an Engineer Class C position as soon as the next vacancy arose.
 
 
 2
 In this appeal, VDOT claims that the district court's findings and conclusions were not supported by the evidence and that the district court improperly relied on certain statistical evidence and an outstanding consent decree in a Title VII action between VDOT and the United States. Our review of the record reveals, however, that substantial evidence exists to support the trial judge's findings even if the consent decree and statistical evidence are excluded. We therefore affirm on the basis of the trial court's thorough and well-reasoned opinion. Rathore v. Commonwealth of Va. Dept. of Transportation, 49 FEP Cases 38 (E.D.Va. Dec. 20, 1988).
 
 
 3
 AFFIRMED.